## MORROW VS. WOOD.

PUBLIC SCHOOLS.    (1, 4) *Rights of parent and teacher.   Infliction of cor-
   poral punishment by teacher on child, for obedience to parent.*
MALICIOUS PROSECUTION.    (2, 3) *When the action will lie.*

1. Where a father had directed his child, in attendance upon a public
   school in this state, to pursue only certain studies selected by the
   father from those required or permitted by law to be taught in such
   school, and actually taught therein, and had forbidden the child to
   pursue a certain other study, and this fact was known to the teacher
   of the school, such teacher was not authorized to inflict corporal pun-
   ishment upon the child for the purpose of compelling it to pursue the
   study so forbidden by the father.

2. Where the teacher inflicted corporal punishment in such a case, and the father caused her to be prosecuted as for an assault and battery upon the child, he was not liable to the teacher as for a malicious prosecution.

3. Whether the action for a malicious prosecution will ever lie in a case where the prosecution was dismissed, on motion of the defendant therein, and without the consent of the complaining witness, is not here decided.

4. Our statutes give the school board in each district power to make all needful rules and regulations for the organization, gradation and government of the school, and to *suspend* any pupil from its privileges for non-compliance with the *reasonable* rules established by the board, or by the teacher with its consent; and this decision is not designed to interfere with the performance of those duties.

APPEAL from the Circuit Court for *Grant* County.

Action to recover damages for the alleged malicious prosecution of the plaintiff on complaint of the defendant, in a criminal action for assault and battery commenced before a justice of the peace. The facts proved on the trial, and some of the instructions given the jury, appear in the opinion. The court also instructed the jury that the command given by the defendant to his son, not to study geography, "did not annul or abridge the right of the teacher to control that matter;" that under the circumstances, as proven, she (the plaintiff) had a right to require the scholar's obedience;" and that, if the punishment inflicted in this case was "reasonable and commensurate with the boy's contumacy," then its infliction by the plaintiff was justifiable. The other instructions need not be stated. Verdict for the plaintiff. From an order refusing a new trial, the defendant appealed.

*Barber & Clementson,* for appellant, contended that the action could not be maintained, because the criminal prosecution on which it was based was dismissed on motion of the defendant therein, without the consent of *Wood.* To sustain an action for a criminal prosecution, it must appear that the plaintiff was *acquitted* of the criminal charge. 2 Greenl. Ev., § 452; 2 Phil. Ev., 254; *Bacon v. Towne,* 4 Cush., 235; *Parker v. Farley,* 10

Morrow vs. Wood.

id., 280; 12 id., 482; 106 Mass., 290; 1 Root, 553; 20 Ill., 354; 18 Ind., 161; 41 Barb., 290; 44 Vt., 124; 36 Conn., 56. To the point that the court erred in its instructions respecting the relative authority of parent and teacher, they cited 1 Bl. Com., 453. They also contended that there is nothing in the school laws of this state which confers upon either teachers or district boards any authority inconsistent with the right of a father to restrict his child to a *portion* of the studies pursued in the school to which such child is sent. 12 Am. Law Reg., N. S. (Sept., 1873), 538, note 58.

*Geo. C. Hazelton* and *O. B. Thomas*, for respondent, argued, among other things, that the prosecution before the justice of the peace was wholly without probable cause, for the reason that the teacher was invested by the law with the right and authority to inflict reasonable corporal punishment upon a pupil to enforce obedience to a lawful command. Clearly by the common law she had this right. Cowen's Criminal Dig., page 23; Roscoe's Ev., 279; 2 Kent's Com., 230, note a; 1 Whart. Crim. Law, sec. 1259. The teacher had the right, in connection with the school board, to classify and grade the school, and to assign defendant's son to such classes as would conduce to the general interests of the school. The command of the teacher was a lawful one, the legislature having enacted that *geography*, among other branches, shall be taught in every district school. Tay. Stats., 556, § 57. Again, the district board have authority to purchase, at the expense of the district, when parents are not able to purchase the same, such school books as *in their judgment* may be necessary for the use of any children attending. The board have also power to make all needful rules, etc. Tay. Stats., 555, §§ 53, 54. In this case this power had been duly delegated to the teacher, and she had the right to exercise it; otherwise all true school discipline would have been destroyed.

COLE, J. It is first claimed by the counsel for the defendant, that the court below should have granted the motion

Morrow vs. Wood.

for a nonsuit because all the evidence showed that the criminal prosecution against the plaintiff for an alleged assault and battery committed by her upon the infant son of the defendant was never tried upon the merits, but was discontinued on her motion and against the consent of the complainant in that action.   It is insisted that before an action for malicious prosecution can be maintained, it must appear that the criminal prosecution has been determined in favor of the party prosecuted, by a trial and acquittal, or the prosecution must have been discontinued against his consent.

We shall spend no time in the consideration of this point in the case, for the reason that we are fully agreed upon a question of law involved which is fundamental, and underlies the cause, and is entirely decisive of every other question arising upon the record.   And as this is a question of some practical importance as affecting the duties and powers of teachers in our public schools, we deem it best to decide it in the present case.   The facts upon which this question of law arises, as established on the trial, are in brief these:

About the 18th of November, 1872, the plaintiff, a qualified teacher, under a contract with the district school board, commenced teaching a district school in Grant county.   The defendant, an inhabitant of the district, sent his son, a boy about twelve years of age, to the school.   The defendant wished his boy to study orthography, reading and writing, and also wished him to give particular attention to the study of arithmetic, for very satisfactory reasons which he gave on the trial.   In addition to these studies the plaintiff at once required the child to also study geography, and took pains to aid him in getting a book for that purpose.   The father, on being informed of this, told his boy not to study geography, but to attend to his other studies; and the teacher was promptly and fully advised of this wish of the parent, and also knew that the boy had been forbidden by his parent from taking that study at that time. But, claiming and insisting that she had the right to direct and

control the boy· in respect to his studies, even as against his
father's orders, she commanded him to take his geography and
get his lesson.   And when the boy refused to obey her, and
did as he was directed by his father, she resorted to force to
compel obedience.   All this occurred at the first week of
school.   The defendant instituted a criminal action before a
justice for this assault and battery upon his son, which is the
malicious prosecution complained of.   If the teacher had no
right or authority to chastise the boy upon these facts for obey-
ing his father, this action must fail.   And whether she had
or had not the power to correct him, is the question in the case,
for it is not pretended that the boy was otherwise disobedient,
or was guilty of any misconduct, or violated any rule or regu-
lation adopted for the government of the school.   The cir-
cuit court, in considering the relative rights and duties of
parent and teacher, among other things, told the jury that
when a parent sent his child to a district school he surrendered
to the teacher such authority over his child as is necessary to
the proper government of the school, the classification and in-
struction of the pupils, including what studies each scholar
shall pursue — these studies being such as are required by law,
or are allowed to be taught in public schools.   And the court
added in this connection, that a prudent teacher will always
pay proper respect to the wishes of the parent in regard to
what studies the child should take, but where the difference of
view was irreconcilable on the subject, the views of the parent
in that particular must yield to those of the teacher, and that
the parent, by the very act of sending his child to school, im-
pliedly undertakes to submit all questions in regard to study
to the judgment of the teacher.   In our opinion there is a great
and fatal error in this part of the charge, particularly when ap-
plied to the facts in this case, in asserting or assuming the law
to be, that, upon an irreconcilable difference of views between
the parent and teacher as to what studies the child shall pur-
sue, the authority of the teacher is paramount and controlling,

and that she had the right to enforce obedience to her commands by corporal punishment. We do not think she had any such right or authority, and we can see no necessity for clothing the teacher with any such arbitrary power. We do not really understand that there is any recognized principle of law, nor do we think there is any rule of morals or social usage, which gives the teacher an absolute right to prescribe and dictate what studies a child shall pursue, regardless of the wishes or views of the parent, and, as incident to this, gives the right to enforce obedience even as against the orders of the parent. From what source does the teacher derive this authority? From what maxim or rule of the law of the land? Ordinarily, it will be conceded, the law gives the parent the exclusive right to govern and control the conduct of his minor children, and he has the right to enforce obedience to his commands by moderate and reasonable chastisement. And furthermore, it is one of the earliest and most sacred duties taught the child, to honor and obey its parents. The situation of the child is truly lamentable, if the condition of the law is that he is liable to be punished by the parent for disobeying his orders in regard to his studies, and the teacher may lawfully chastise him for not disobeying his parent in that particular. And yet this was the precise dilemma in which the defendant's boy was placed by the asserted authority on the part of the parent and teacher.

Now we can see no reason whatever for denying to the father the right to direct what studies, included in the prescribed course, his child shall take. He is as likely to know the health, temperament, aptitude and deficiencies of his child as the teacher, and how long he can send him to school. All these matters ought to be considered in determining the question what particular studies the child should pursue at a given term. And where the parent's wishes were reasonable, as they seem to have been in the present case, and the teacher, by regarding them, could in no way have been embarrassed, her conduct in not respecting the order given the boy was unjustifiable. If

she had allowed the child to obey the commands of his father, it could not possibly have conflicted with the efficiency or good order or well being of the school. The parent did not propose to interfere with the gradation or classification of the school, or with any of its rules and regulations, further than to assert his right to direct what studies his boy should pursue that winter. And it seems to us a most unreasonable claim on the part of the teacher, to say that the parent has not that right, and further to insist that she was justified in punishing the child for obeying the orders of his father rather than her own. Whence, we again inquire, did the teacher derive this exclusive and paramount authority over the child, and the right to direct his studies contrary to the wish of the father? It seems to us it is idle to say the parent, by sending his child to school, impliedly clothes the teacher with that power, in a case where the parent expressly reserves the right to himself, and refuses to submit to the judgment of the teacher the question as to what studies his boy should pursue. We do not intend to lay down any rule which will interfere with any reasonable regulation adopted for the management and government of the public schools, or which will operate against their efficiency and usefulness. Certain studies are required to be taught in the public schools by statute. The rights of one pupil must be so exercised, undoubtedly, as not to prejudice the equal rights of others. But the parent has the right to make a reasonable selection from the prescribed studies for his child to pursue, and this cannot possibly conflict with the equal rights of other pupils. In the present case the defendant did not insist that his child should take any study outside of the prescribed course. But, considering that the study of geography was less necessary for his boy at that time than some other branches, he desired him to devote all his time to orthography, reading, writing and arithmetic. The father stated that he thought these studies were enough for the child to take; and he said he was anxious the boy should obtain a good knowl-

Morrow vs. Wood.

edge of arithmetic in order that he might assist in keeping accounts. He wished to exercise some control over the education of his son, and it is impossible to say that the ·choice of studies which he made was unreasonable or inconsistent with the welfare and best interest of his offspring. And how it will result disastrously to the proper discipline, efficiency and well being of the common schools, to concede this paramount right to the parent to make a reasonable choice from the studies in the prescribed course which his child shall pursue, is a proposition we ·cannot understand. The counsel for the plaintiff so insist in their argument, but, as we think, without warrant for the position. It is unreasonable to suppose any scholar who ! attends school, can or will study all the branches taught in them. From the nature of the case some choice must be made and some discretion be exercised as to the studies which the· different pupils shall pursue. The parent is quite as likely to make a wise and judicious selection as the teacher. At all events, in case of a difference of opinion between the parent and teacher upon the subject, we see no reason for holding that the views of the teacher must prevail, and that she has the right to compel obedience to her orders by inflicting corporal punishment upon the pupil. The statute gives the school board power to make all needful rules and regulations for the organization, gradation and government of the school, and power to suspend any pupil from the privileges of the school for noncompliance with the rules established by them or by the teacher with their consent ; and it is not proposed to throw any obstacle in the way of the performance of these duties. But these powers and duties can be well fulfilled without denying to the parent all right to control the education of his children.

These views are decisive of this case. Under the circumstances, the plaintiff had no right to punish the boy for obedience to the commands of his father in respect to the study of geography. She entirely exceeded any authority which the law gave her, and the assault ·upon the child was unjustifiable.

For these reasons the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.* — So ordered.