## KIDDER v. CHELLIS.

If a person teaches a district school without the certificate required by Gen. Laws, c. 89, s. 6, however defective his title to the office of public teacher for that reason may be, still his authority to govern the school cannot on that ground be contested by scholars who attend the school, or parents who send their children to it.

TRESPASS, for assault and battery. Facts found by a referee. The defendant was employed to teach a district school in Enfield, to commence January 22, 1879. He called upon the school committee, stated his engagement, and requested to be examined. The committee asked him where he had attended school, whether he had taught, and where, and told him he could not then stop to examine him; that he thought he was all right; that he might commence the school, and that he, the committee, would bring or send a certificate in a few days. The defendant commenced his school as agreed. He made two divisions of the larger scholars for the purpose of declaiming and writing, fixing January 31 as the time for the first division to declaim. The plaintiff, a scholar sixteen

or eighteen years of age, was in the first division for speaking, and was requested to be ready and speak on the 31st. At the appointed time the plaintiff was not prepared to speak, and declined to do so then, or at any future time. The defendant tried to explain the usefulness of the exercise to the plaintiff, but he persisted in his refusal to declaim. The defendant then informed him that he might have until February 3 to consider the matter, and if he then concluded to comply with this requirement, very well, but if he did not, he must leave school until he could. On February 3, the plaintiff came to school in the morning, but refused to speak, or to comply with the regulation, and the defendant sent him home to stay until he would. In the afternoon the plaintiff returned, but persisted in his refusal to conform to the regulation. The defendant then told him he must leave, and stay until he would, and, after giving him time to leave, took hold of him and put him out of the school-house. The effort was sharp and vigorous, but was no more than was reasonably necessary to overcome the resistance of the plaintiff. The school committee, on the evening of February 3, after the affray, examined the defendant, and gave him a certificate, and he kept the school through according to his engagement. The plaintiff, on the morning and in the evening of February 3, in his refusal, notified the defendant that he was acting according to the directions of his parents. The referee finds that this was the fact, and that he was not at fault, as a scholar, in any other respect. The regulation as to speaking was made by the defendant, and was oral, and no regulations as provided in Gen. Laws, c. 89, s. 10, were prescribed for the school. The regulation was a reasonable and useful one to the school. The parties raised two questions of law: 1. Was the defendant fully invested with the office of teacher? 2. Was the regulation one that the defendant could make and enforce in the way in which he did? If both questions are decided in the affirmative, the referee finds for the defendant. If either question is decided in the negative, he finds for the plaintiff, and assesses his damages at $25.

*Cotton*, for the plaintiff, cited G. L. *c.* 88, *ss.* 14 and 19—*c.* 89, *ss.* 3, 4, 6, and 10 ; Rev. St., *c.*.73, *s.* 8 ; *Barr* v. *Deniston*, 19 N. H. 170, 179 ; *Wilson* v. *School District*, 32 N. H. 127 ; *Blake* v. *Railroad*, 39 N. H. 435 ; *Rogers* v. *Bowen*, 42 N. H. 102–107 ; *School District* v. *Currier*, 45 N. H. 573 ; *Jackson* v. *Hampden*, 20 Maine 40 ; *School District* v. *Mowry*, 9 Allen 94–97 ; *Morrow* v. *Wood*, 35 Wis. 59,—and contended that the defendant was a mere usurper of the office of teacher.

*Barton*, for the defendant, cited G. L. *c.* 89, *s.* 10; *George* v. *School District*, 20 Vt. 495 ; *State* v. *Williams*, 27 Vt. 755 ; *Paul* v. *School District*, 28 Vt. 575 ; *Blanchard* v. *School District*, 29 Vt. 433 ; *Guernsey* v. *Pitkin*, 32 Vt. 224 ; *Scott* v. *School District*,

46 Vt. 452, and contended,— 1. That until rules and regulations are prescribed by the school committee, the teacher can make reasonable rules for the government of his school. 2. That the contract to teach had been perfected; that the judgment of the school committee is the act which gives validity to the certificate, and had been performed; and that the certificate afterward given merely recorded that judgment. 3. That the defendant was teacher *de facto*, if not *de jure*, and that, while he was recognized as a teacher by the district, he was invested with power sufficient to govern those over whom he was placed and seeking his instruction.

SMITH, J.   The statute is peremptory, that no person shall be employed or paid for services as teacher until he shall produce and deliver to the prudential committee a certificate of the school committee of the town that he is qualified to instruct in the branches to be taught in the school which he is employed to teach. G. L. *c.* 89, *s.* 6. This requirement of the statute neither the district nor the prudential committee can waive. *Barr* v. *Deniston*, 19 N. H. 170. It does not necessarily follow, however, that the plaintiff can recover by reason of what transpired at the time of the affray. The defendant was keeping a school in the school-house of the district. He sustained to the other occupants of the house the relation of teacher, and they to him that of scholars. The daily assemblage in the school-house for nearly two weeks prior to the alleged assault was not an unlawful meeting. The defendant was occupied in the useful and highly honorable employment of giving instruction to the youth of the district. If the instruction must be held to have been given gratuitously because the school committee of the town neglected to examine him as to his qualifications and give him the proper certificate when he presented himself for examination, the business in which he was engaged was none the less useful or honorable, nor was it made thereby illegal. He was in the occupation of the school-house for the purpose of giving instruction to the scholars of the district, with the unrevoked license of the district and of its inhabitants. Although not a public teacher by legal appointment, he was a teacher in fact, and his authority to govern the school could not be contested by those who sought to avail themselves of its advantages. By placing their children under his instruction, parents, for the time being, invested him with the prerogatives of school government, and conferred upon him the power to do what was reasonably necessary to maintain order and render effective his instruction to the school; and the plaintiff's parents authorized him to require of the plaintiff obedience to such reasonable rules as were necessary for the government and instruction of the whole school. Their direction, that they did not desire him instructed in public declamation, did not limit the defendant's authority as his teacher, because the referee has found that the regulation was a reasonable and useful one

to the school.   They could not require the defendant to receive
their child under his instruction, without conforming to his rea-
sonable rules.   The plaintiff was informed that he must submit to
the rule in question by declaiming on February 3, or leave the
school.   By remaining, he tacitly consented to submit, and gave
the defendant authority to compel obedience; or he was a tres-
passer, and the defendant had the right to expel him.   If *Morrow* v.
*Wood*, 35 Wis. 59, sustains this action, we are unable to follow the
decision in that case.

Although the defendant was not, for all purposes, the teacher of
a public school, he was the teacher of a public or private school for
the purpose of governing the school as against persons who chose
to be members of the school; and for any misgovernment, or mal-
administration in prescribing studies or requiring educational
exercises, the law provided ample remedies; and a refusal to obey
his reasonable regulations was not a legal remedy for any wrong of
which the plaintiff complains.   The defendant did not expel the
plaintiff, but merely suspended him until he should comply with
the regulations.   Whether the educational assembly over which
the defendant presided was a school in fact, whatever legal quali-
ties it might lack,— whether it was a public or a private school,—
the power of each parent to decide the question what studies the
scholars should pursue, or what exercises they should perform,
would be a power of disorganizing the school, and practically ren-
dering it substantially useless.   However judicious it may be to
consult the wishes of parents, the disintegrating principle of
parental authority to prevent all classification and destroy all sys-
tem in any school, public or private, is unknown to the law.

As no unnecessary force was used to remove the plaintiff from
the house for non-compliance with a reasonable and useful regula-
tion of the school, the plaintiff cannot recover, and the defendant
is entitled to judgment on the report.

*Case discharged.*

STANLEY and BINGHAM, JJ., did not sit: the others concurred.